UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **MR. ALDEN A. THOMAS,** | Case No. CV 13-829-DSF(AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| **TIM J. OCHOA, Warden,** | |
| Respondent. | |

On February 6, 2013, petitioner filed a document entitled "Petitioner Motion to File a Preumptive [sic] Federal Writ of Habeas Corpus." Petitioner seeks an order compelling state prison officials to grant him access to the prison law library and to release to him four boxes of his legal materials. According to petitioner, the legal materials and use of the law library are necessary for him to prepare a federal petition for a writ of habeas corpus. [Motion at 1-2].

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be presented in a habeas corpus petition, while a claim that challenges the conditions of confinement should be presented in a civil rights action. See Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005).

Petitioner does not challenge a conviction or sentence. Instead,

he seeks an order providing him access to his legal materials and the law library so that he may prepare a habeas petition.  At best, a favorable judgment would alter the conditions under which he is confined.  Because petitioner's claim is properly construed as one challenging the conditions of his confinement, it is cognizable, if at all, in a civil rights action, and not in a petition for a writ of habeas corpus.

A federal court has the discretionary power to recharacterize a mislabeled habeas corpus petition as a civil rights action.  Typically, however, such a recharacterization is inappropriate.  Because of the filing fee requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obliged to proceed with a civil rights action unless it is clear that he or she wishes to do so.  See 28 U.S.C. § 1915; 42 U.S.C. § 1997e; see generally Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir.)("[W]e think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent.... It's not like recharacterizing a tort suit as a suit for breach of contract, since ... a habeas corpus action and a prisoner civil rights suit differ in a variety of respects – such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings – that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.")(citations omitted), cert. denied, 132 S.Ct. 397 (2011); cf. Blueford v. Prunty, 108 F.3d

251, 255 (9th Cir. 1997)(stating that a court should not convert a civil rights action into a habeas corpus petition due to the implications of the abuse of the writ doctrine); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995)(same).

In addition to these possible pitfalls of conversion, construing this case as a civil rights action would not necessarily help petitioner because it does not appear that he has exhausted his prison administrative remedies, a prerequisite to the filing of a suit challenging prison conditions. <u>See</u> 42 U.S.C. § 1997e(a); <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006)(holding that the PLRA requires procedurally proper exhaustion of administrative remedies, and noting that the exhaustion requirement applies to "any suit challenging prison conditions, not just for suits under §1983")(citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002)).

Finally, petitioner requests "an extra (30) days to file my federal writ...."  Such a request is premature.

The Constitution's "case or controversy" requirement precludes granting the sort of advisory opinion petitioner seeks. <u>See</u> <u>Ford v. Warden</u>, 2008 WL 2676842, *1 (C.D.Cal. 2008) (dismissing without prejudice a request for an extension of time to file a habeas corpus petition because without an actual petition, there was no "case or controversy" as required by the Constitution); <u>Corcoran v. Tilton</u>, 2008 WL 816682 (C.D.Cal. 2008) (same). Because petitioner has not yet filed a habeas corpus petition, there is no action or proceeding pending and no case or controversy to be heard.  If petitioner actually files a petition for a writ of habeas corpus, then the Court may entertain an argument that such a petition is, or should be deemed, timely.  Unless and until petitioner does so, however, this

1 | Court lacks jurisdiction to address that issue.
2 |     Therefore, this action is dismissed without prejudice to
3 | petitioner's right to file a civil rights action or a proper petition
4 | for a writ of habeas corpus.
5 | **It is so ordered.**

Dated: February 15, 2013

_____
Dale S. Fischer
United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MR. ALDEN A. THOMAS, ) | Case No. CV 13-829-DSF(AJW) |
| ) | |
|     Petitioner, ) | |
| ) | |
|   v. ) | JUDGMENT |
| ) | |
| TIM J. OCHOA, Warden, ) | |
| ) | |
|     Respondent. ) | |

It is hereby adjudged that this action is dismissed without prejudice.

Dated: _____

                                      Dale S. Fischer
                                      United States District Judge